**7 P.(2d) 939**

**SPARKS v. ZUMMACH et al.**

**No. 3611.**

Supreme Court of New Mexico.

Feb. 10, 1932.

Rehearing Denied Feb. 24, 1932.

Truder & Faircloth, of Las Vegas, for appellants.

C. N. Higgins, of East Las Vegas, for appellee.

**PARKER, J.**

This is an action of ejectment brought by plaintiff, appellee, against defendants, appellants, for a small triangular piece of land of 8.62 acres, which resulted in a judgment in favor of the plaintiff for the possession of the land and a small amount of damages. The case is here upon a partial record, the praecipe for which states the question to be determined as follows: "What is the true location of the north and south line between the northwest quarter (N. W. ¼* and the northeast quarter (N. E. ¼) of section seventeen (17), Township nineteen (19) north,

Range fourteen (14) east, New Mexico Principal Meridian."

The case was tried to the court without a jury, and he made findings of fact and conclusions of law to the effect that on the 18th day of December, A. D. 1896, the United States of America by patent did convey to William Sparks the northeast quarter of said section; that on the 29th day of December, A. D. 1902, the said William Sparks and his wife, Harriet E. Sparks, did convey the said land to the plaintiff herein; that the said William Sparks fenced said land according to a government survey and field notes made by Government Surveyor John C. Taylor, in December, 1882; that said fence has been kept up and maintained by William Sparks and the plaintiff herein since the 18th day of December, A. D. 1896, and was in place during the month of September, 1927; that since the said 18th day of December, A. D. 1896, the plaintiff and his predecessors in interest, William Sparks and wife, have held the said land by adverse possession, and have paid all state, county, and other legal assessments levied upon the said land; that during the month of September, and while the plaintiff was so in possession of the said lands, the defendants entered thereon and erected a fence thereon and did thereby segregate from said quarter section the said 8.62 acres; that defendants by so erecting said fence damaged the plaintiff in the sum of $25.

The court concluded as a matter of law that the said land was the property of the plaintiff by reason of him and his predecessors in title having held the same in adverse possession ever since the 18th day of December, 1896, and that he is entitled to the said land for the reason that his predecessors in interest had received a patent from the United States for the same under and by virtue of a government survey made by John C. Taylor, a government surveyor, in the year 1882. The court thereupon awarded judgment to the plaintiff for possession of the land and for $25 damages and for costs. From this judgment this appeal is taken.

As before seen, the record on appeal is a partial record, and the appellants, in their praecipe for the record, have limited themselves to a single question, viz., the location of the north and south line between these two quarter sections. Having done so, the appellants are bound by their praecipe (N. M. App. Proc., rule XI, § 4). This leaves the appellants with a judgment against them based upon the adverse possession by the plaintiff which they are in no position to question by reason of the limitations expressed in their praecipe for the record.

It follows from all of the foregoing that the judgment of the court below should be affirmed, and the cause remanded with directions to enter the same against the appellants and their sureties upon their supersedeas bond herein, and that plaintiff recover his costs in this behalf expended; and it is so ordered.

WATSON and SADLER, JJ., concur.

BICKLEY, C. J., and HUDSPETH, J., did not participate.